

**NOT FOR PUBLICATION**



# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:09-bk-22943-DS |
| Michael Steven Zuckerman, | Adversary No.: 6:10-ap-01276-DS |
| | Chapter: 7 |
| Debtor(s), | |
| Jason M. Rund, Chapter 7 Trustee, | **MEMORANDUM DECISION RE: CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY ADJUDICATION** |
| Plaintiff, | |
| v. | |
| Denise Zuckerman, an individual; and Denise Zuckerman, as Co-Trustee of the Michael and Denise Zuckerman Family Trust dated December 16, 2003, | Date: September 16, 2010<br>Time: 1:30 p.m.<br>Location: United States Bankruptcy Court<br>Courtroom 304<br>3420 Twelfth Street<br>Riverside, CA 92501 |
| Defendant(s). | |

At the above- referenced date and time, the court held a hearing on the Chapter 7 Trustee's ("Plaintiff" or "Trustee") Motion for Summary Adjudication ("Motion") in the above- captioned adversary proceeding. Defendant Denise Zuckerman, as an individual and in her capacity as co-trustee of the Michael and Denise Zuckerman Family Trust dated December 16, 2003 ("Defendant") opposes the Motion. At the hearing, Angie S. Lee of Levinson, Arshonsky & Kurtz, LLP appeared for Plaintiff and Defendant appeared in pro se. After the hearing on September 16, 2010, the court took the matter under advisement. Having considered the pleadings, the record in

this case and the arguments of the parties at the hearing, the court makes the following findings of fact and conclusions of law[1] pursuant to Federal Rule of Civil Procedure 52(a)(1),[2] as incorporated by Federal Rule of Bankruptcy Procedure 7052.

## I. STATEMENT OF FACTS

During their marriage, Michael Zuckerman ("Debtor") and Defendant owned, as community property, a parcel of real property located at 232 Santa Clara Blvd., Big Bear Lake, CA 92315 ("Big Bear Property"). On March 23, 2009, the Riverside County Superior Court entered a judgment of dissolution (the "Dissolution Judgment") dissolving Debtor and Defendant's marriage. The parties' voluntary Marital Termination Agreement ("MTA"), signed by both Debtor and Defendant on March 18, 2009 and March 19, 2009, respectively, is incorporated into the Dissolution Judgment. Sections B. 20 and B. 21 of the MTA provide that Debtor will assume sole ownership and control of the Big Bear Property.[3] Section B. 23 of the MTA provides for an award of attorneys' fees to the prevailing party in any action to enforce the terms of the MTA.[4] Defendant neither timely appealed nor timely filed a motion to set aside the Dissolution Judgment under applicable California law.

On July 12, 2009, roughly four months after entry of the Dissolution Judgment, Debtor filed a voluntary chapter 7 petition. Plaintiff is the duly appointed and acting Chapter 7 Trustee of Debtor's bankruptcy estate. Defendant attempted, after Debtor filed for bankruptcy protection, to seek relief from the Dissolution Judgment but abandoned her efforts upon learning from Plaintiff that she was in violation of the automatic stay. Defendant did not seek relief from the automatic stay or otherwise renew her attempt to seek relief.

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 and all "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP") which make applicable certain Federal Rules of Civil Procedure ("FRCP").

[3] Section B. 21 states "Petitioner [Defendant] assigns to Respondent [Debtor] all of her right, title and interest in and to the property herein below listed: Real Property located at 232 Santa Clara Blvd. Big Bear Lake, CA. 92315 [APN 2328-263-07] and all equity therein."

[4] Section B. 23 states "[i]n any legal proceeding to enforce any of the terms hereof, the prevailing party shall be entitled to attorney's fees as an additional item of cost. This provision shall inure for the benefit of the parties named hereto, and also for the benefit their respective undersigned attorneys, and their successors and assigns, if any."

Notwithstanding the Dissolution Judgment and the MTA, Defendant has failed to transfer her interest in the Big Bear Property to Debtor pursuant to the valid and binding Dissolution Judgment. Defendant's failure to abide by the Dissolution Judgment precipitated Plaintiff's adversary action. On April 15, 2010, Plaintiff filed an adversary proceeding against Defendant seeking turnover and accounting, sale of the Big Bear Property, declaratory relief, specific performance and express indemnity. On August 11, 2010, Plaintiff filed the instant summary adjudication motion seeking relief on the following claims: (1) turnover and accounting; (2) sale of the property; (3) declaratory relief; and (4) express indemnity. Plaintiff is not seeking summary adjudication on the specific performance claim. The Big Bear Property is currently appraised at $75,000.00.[5] Debtor claimed a $7,980.00 exemption in the Big Bear Property.

In Defendant's opposition papers, she challenges the validity of the Dissolution Judgment based upon allegations of fraud, identity theft, fraudulent transfers and false financial statements. Additionally, as raised solely in her opposition papers, Defendant seeks relief on a cross-motion for summary adjudication.

## II. JURISDICTION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

## III. DISCUSSION

A.  Standard for Summary Judgment

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, permits summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also In re Mannie*, 258 B.R. 440, 443 (Bankr. N.D. Cal. 2001).

---

[5] See Hallstead Decl. ¶5.

When deciding whether to grant summary judgment, the court must believe all evidence presented by the party opposing summary judgment, and must draw all justifiable inferences from that evidence in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Circumstantial evidence is sufficient to create a triable issue of fact. *Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir. 1992). Under Rule 56(c), the moving party bears the initial burden of establishing that there are no genuine issues of material fact to be decided at trial. *Celotex, supra*, 477 U.S. 317, 322-23 (1986); *Anderson, supra*, 477 U.S. 242, 248-50 (1986). "A 'material fact' is one that is relevant to an element of a claim or defense or whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Genuine issues of material fact are those "factual issues that make a difference to the potential outcome and 'that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Svob. v. Bryan (In re Bryan)*, 261 B.R. 240, 243 (B.A.P. 9th Cir. 2001). In other words, a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also In re Ortenzo Hayes*, 315 B.R. 579 (Bankr. C.D. Cal. 2004).

Once the moving party's burden is met by presenting evidence which, if uncontroverted, would entitle the moving party to a directed verdict at trial, the burden then shifts to the responding party to set forth specific facts demonstrating that there is a genuine issue for trial. *Rudberg v. State of Nevada*, 896 F.Supp. 1017, 1020 (D. Nev. 1995). The respondent "will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." *In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002). A mere "scintilla" of evidence supporting the respondent's position will not be sufficient. *Anderson*, 477 U.S. at 247-48. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine' issue for trial." *Hawking v. Ford Motor Credit Co.*, 210 F.3d 540, 545 (5th Cir. 2000).

B.   Pursuant to the Full Faith and Credit Act and the Principles of Res Judicata, the Dissolution Judgment Must be Given Preclusive Effect in this Court

The Full Faith and Credit Act "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." 28 U.S.C. § 1738. State law governs the preclusive effect given to state court judgments in federal court. See Lance v. Dennis, 546 U.S. 459, 466 (2006). Under California law, res judicata[6] applies where: (1) the claim is identical; (2) a final judgment is rendered on the merits; and (3) the party was in privity to a party in the prior proceeding. Brinton v. Bankers Pension Services, Inc., 76 Cal.App.4th 550, 556 (1999).

Here, on March 23, 2009, the state court entered a Dissolution Judgment incorporating the MTA between Debtor and Defendant. The MTA clearly grants sole ownership of the Big Bear Property to Debtor and requires Defendant to assign all right, title and interest of the Big Bear Property to Debtor. Defendant argues that the Dissolution Judgment is invalid based primarily upon accusations and allegations of fraud, identity theft, fraudulent transfers and false financial statements. However, at the hearing, Defendant acknowledged that she signed the MTA and allowed entry of the Dissolution Judgment. She has not appealed the Dissolution Judgment or obtained any other relief in state court. It remains a valid state court judgment.

Plaintiff's claim (i.e. asserting Debtor's bankruptcy estate's ownership of the Big Bear Property) is identical to the issue of ownership agreed upon by Debtor and Defendant in the MTA and made part of the Dissolution Judgment. The Dissolution Judgment is a final judgment on the merits. Finally, Plaintiff is in privity with the original parties (i.e. Debtor and Defendant), as Plaintiff is the duly appointed representative of Debtor's bankruptcy estate pursuant to sections 701 and 704 and has sued Defendant for recovery of bankruptcy estate property that was the subject of prior state court litigation.

---

[6] "Res judicata" or claim preclusion is "an affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claims arising from the same transaction or series of transactions and that could have been—but was not—raised in the first suit. The three essential elements are (1) earlier decision on the issue, (2) a final judgment on the merits, and (3) the involvement of the same parties, or parties in privity with the original parties. Black's Law Dictionary (8th ed. 2004) citing Restatement (Second) of Judgments §§ 17, 24 (1982).

All elements of res judicata have been met. The court must give preclusive effect to the Dissolution Judgment and enforce the terms of the MTA. Pursuant to the Dissolution Judgment and MTA, Debtor solely owns the Big Bear Property. Defendant does not dispute any material fact to overcome Plaintiff's burden of proof on this issue and has not presented admissible evidence setting forth specific facts to demonstrate that there is a genuine issue for trial.

C.     The Big Bear Property is Property of the Estate under 11 U.S.C. § 541

Property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of a case." 11 U.S.C. § 541(a)(1); see Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005). Here, as outlined above, the court must give preclusive effect to the Dissolution Judgment which assigns the Big Bear Property to Debtor. Because Debtor owned a legal and equitable interest in the Big Bear Property as of the petition date, the Big Bear Property constitutes property of the estate. Defendant does not dispute any material fact to overcome Plaintiff's burden of proof on this issue. Defendant's assertion that the Dissolution Judgment was based on identity theft, fraud, fraudulent transfers and false financial statements does not obviate this court's obligation to enforce the valid Dissolution Judgment.

D.     Defendant Must Turn Over the Big Bear Property to Plaintiff

Any entity in possession, control or custody of property of the estate that the debtor may exempt under section 522 "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a); see United States v. Whiting Pools, Inc., 462 U.S. 198, 207 (1983). An "entity" includes a "person." See 11 U.S.C. § 101(15). Here, Defendant, a person, currently holds legal title and an equitable interest in the Big Bear Property – property in which Debtor claimed a $7,980.00 exemption. Defendant must deliver the Big Bear Property to Plaintiff unless she can show the Big Bear Property holds "inconsequential value or benefit." Plaintiff offered competent evidence – an appraisal and declaration of the appraiser – valuing the Big Bear Property at $75,000.00. With no debt and only a $7,980.00 exemption, the Big Bear Property retains significant equity that is of consequential value/benefit to the estate. Defendant did not offer any material evidence to combat Plaintiff's appraised value. The statutory requirements under section

542(a) for turnover of estate property have been met. Defendant must turn over the Big Bear Property to Plaintiff.

E.    Plaintiff is Not Entitled to Express Indemnity

As the prevailing party, Plaintiff requests an award of attorneys' fees as an additional item of cost. Plaintiff relies on section B. 23 of the MTA[7] (i.e. the express indemnity provision) to support his position. For the reasons stated on the record, Plaintiff has failed to meet his burden to establish a right to express indemnification and an award of attorneys' fees. At the hearing, Plaintiff requested the opportunity to submit supplemental briefing on this issue. If Plaintiff submits a supplemental brief on or before November 15, 2010, and sets the matter for hearing on not less than 21 days' notice to Defendant in accordance with LBR 9013-1, the court will consider whether Plaintiff may be entitled to express indemnity.

F.    Defendant's Cross-Motion for Summary Adjudication is Denied

Defendant's cross-motion for summary adjudication raised in her opposition papers is denied. Defendant did not comply with the procedural requirements of Rule 7056 and Local Bankruptcy Rule 7056-1.

## IV. CONCLUSION

For the reasons stated, the court finds there is no genuine issue of material fact with respect to Plaintiff's claims regarding (1) whether the Big Bear Property is property of the estate and (2) whether Defendant is required to turnover the Big Bear Property to Plaintiff and that Plaintiff is entitled to judgment as a matter of law. The court finds there is a genuine issue of material fact with respect to Plaintiff's express indemnity claim and that Plaintiff is not entitled to judgment as a matter of law. The court finds Plaintiff's claim regarding sale of the Big Bear Property moot, having decided the property of the estate and turnover issues in Plaintiff's favor. The Motion will be granted as to the property of the estate and turnover claims and a judgment will be entered (a) giving preclusive effect to the Dissolution Judgment; (b) finding the Big Bear

---

[7] Section B. 23 states "In any legal proceeding to enforce any of the terms hereof, the prevailing party shall be entitled to attorney's fees as an additional item of cost. This provision shall inure for the benefit of the parties named hereto, and also for the benefit their respective undersigned attorneys, and their successors and assigns, if any."

Property to be property of the estate under 11 U.S.C. § 541(a)(1); and (c) requiring Defendant to turnover the Big Bear Property to Plaintiff within 30 days after entry of the order. The Motion will be denied as to the express indemnity and sale of the property claims and a judgment will be entered (a) finding Plaintiff did not carry his burden to establish an award of attorneys' fees as the prevailing party (but reserving Plaintiff's right to submit supplemental briefing by November 15, 2010); and (b) rendering the sale of the property claim moot. The judgment will further provide that Defendant's cross-motion for summary adjudication is denied.

Plaintiff shall submit a proposed judgment consistent with this memorandum.

DATED: October 14, 2010

DEBORAH J. SALTZMAN
United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM:**

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (specify) **MEMORANDUM DECISION RE: CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY ADJUDICATION**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

United States Trustee  ustregion16.rs.ecf.usdoj.gov
Elan Levey  elevey@laklawyers.com
Angie Lee  alee@laklawyers.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Denise Healy Zuckerman
1085 143rd Ave, Unit 15
San Leandro, CA 94578

Denise Healy Zuckerman
72877 Dinah Shore 103
Rancho Mirage, CA 92270

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page